MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

MEGAN COONEY, SBN 295174
  mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendant
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GARCIA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM SERVICES LLC DBA AMAZON FLEX, a California Limited Liability Company; MICHAEL D. DEAL, an individual; and DOES 1 through 20, inclusive,<br><br>  Defendant. | CASE NO.  2:21-cv-00604<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL**<br><br>(Los Angeles County Superior Court Case No. 20STCV48702)<br><br>Action Filed: December 21, 2020 |

# TABLE OF CONTENTS

Page

I. TIMELINESS OF REMOVAL .................................................................................. 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ................ 2

    A.    There Is Complete Diversity of Citizenship ................................................ 3

    B.    The Amount in Controversy Exceeds $75,000 ........................................... 5

        1.    The Amount in Controversy Requirement Is Established Through Plaintiff's Own Demands for Relief in Excess of $75,000 ............................................................................................. 6

        2.    Alternatively, the Amount in Controversy Requirement Is Satisfied by Showing a Reasonable Estimate of Potential Recovery Based on Plaintiff's Allegations ....................................... 7

III. THE COURT HAS JURISDICTION AND REMOVAL IS PROPER ................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amado v. US Bancorp*,
　2015 WL 5618877 (C.D. Cal. Sept. 24, 2015) ........................................................... 9

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
　2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) ............................................................. 6

*Ayala v. Cox Auto., Inc.*,
　2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ............................................................ 3

*Bayol v. Zipcar, Inc.*,
　2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) ........................................................ 10

*Campbell v. Vitran Exp., Inc.*,
　471 F. App'x 646 (9th Cir. 2012) ............................................................................. 6

*Carpenter v. Sikorsky Aircraft Corp.*,
　101 F. Supp. 3d 911 (C.D. Cal. 2015) ...................................................................... 4

*Castillo v. ABM Indus. Inc.*,
　2017 WL 5609791 (C.D. Cal. Nov. 20, 2017) ................................................... 10, 11

*Chambers v. Penske Truck Leasing Corp.*,
　2011 WL 1459155 ..................................................................................................... 7

*Crum v. Circus Circus Enterprises*,
　231 F.3d 1129 (9th Cir. 2000) ............................................................................. 5, 7

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
　557 F.2d 1280 (9th Cir. 1977) ................................................................................. 4

*Fisher v. HNTB Corp.*,
　2018 WL 6323077 (C.D. Cal. Dec. 3, 2018) ......................................................... 7, 8

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
　899 F.3d 785 (9th Cir. 2018) ................................................................................. 10

*Guglielmino v. McKee Foods Corp.*,
　506 F.3d 696 (9th Cir. 2007) ................................................................................. 10

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Guytan v. Swift Transportation Co. of Arizona, LLC*,
   2017 WL 2380159 (C.D. Cal. June 1, 2017) ............................................................. 11

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ....................................................................................................... 4

*Johnson v. Columbia Properties Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ........................................................................................ 4

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ........................................................................................ 4

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ...................................................................................... 3

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ......................................................................... 6

*Ko v. The Square Grp.*,
   2014 WL 8108413 (Cal. Super. June 16, 2012) ........................................................ 10

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................... 6, 7

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ........................................................................................ 5

*Lippold v. Godiva Chocolatier, Inc.*,
   2010 WL 1526441 (N.D. Cal. Apr. 15, 2010) .......................................................... 5, 6

*McPhail v. Deere & Co.*,
   529 F.3d 947 (10th Cir. 2008) ...................................................................................... 5

*Mejia v. Parker Hannifin Corp.*,
   2018 WL 582325 (C.D. Cal. Jan. 26, 2018) ........................................................... 9, 10

*Molnar v. 1-800-Flowers.com, Inc.*,
   2009 WL 481618 (C.D. Cal. Feb. 23, 2009) ................................................................ 9

*Patel v. Nike Retail Servs., Inc.*,
   58 F. Supp. 3d 1032 (N.D. Cal. 2014) ..................................................................... 5, 6

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Ponce v. Med. Eyeglass Ctr., Inc.*,
  2015 WL 4554336 (C.D. Cal. July 27, 2015) ......................................................... 11

*Reyes v. Staples Office Superstore, LLC*,
  2019 WL 4187847 (C.D. Cal. Sept. 3, 2019) ....................................................... 7, 8

*Rippee v. Boston Mkt. Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ..................................................................... 6

*Romero v. Leon Max, Inc.*,
  2009 WL 5258439 (Cal. Super. Nov. 2, 2009) ...................................................... 10

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ................................................................................... 5

*Sasso v. Noble Utah Long Beach, LLC*,
  2015 WL 898468 (C.D. Cal. Mar. 3, 2015) ........................................................... 11

*Simmons v. PCR Tech.*,
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) ................................................................. 10

*Singer v. State Farm Mut. Auto. Ins. Co.*,
  116 F.3d 373 (9th Cir. 1997) ............................................................................... 5, 7

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
  303 U.S. 283 (1938) ................................................................................................. 5

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ................................................................................... 3

**Statutes**

28 U.S.C. § 84(c) .......................................................................................................... 12

28 U.S.C. § 1332 ................................................................................................... *passim*

28 U.S.C. § 1441 ..................................................................................................... 1, 12

28 U.S.C. § 1446 .................................................................................................. 1, 5, 12

Cal. Gov't Code § 12940 ........................................................................................... 2, 9

Cal. Gov't Code § 12965 ............................................................................................. 10

# TABLE OF AUTHORITIES
(continued)

Page(s)

Cal. Lab. Code § 203 ............................................................................................... 8, 11

Cal. Lab. Code § 226 ........................................................................................... 8, 9, 11

Cal. Lab. Code § 1102.5 ...................................................................................... 2, 8, 11

Cal. Lab. Code § 1198.5 ............................................................................................ 9, 11

**Other Authorities**

https://dcba.lacounty.gov/-minimum-wage-for-businesses/ ........................................... 7

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ANDREW GARCIA AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Amazon.com Services LLC ("Amazon") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 20STCV48702 in Los Angeles County Superior Court, State of California. Removal is proper on the following grounds:

**I.     TIMELINESS OF REMOVAL**

1. Plaintiff Andrew Garcia ("Plaintiff") filed his Complaint in the State Court Action on December 21, 2020 against Defendants Amazon.com Services LLC and Michael D. Deal (together, "Defendants").[1]  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Assignment, (e) Notice of Case Management Conference, and (f) Proof of Service by Substituted Service on Amazon.com Services LLC d/b/a Amazon Flex are attached hereto as Exhibits A through F to the Declaration of Michael Holecek ("Holecek Decl."), filed concurrently herewith.

2. According to the Proof of Service Plaintiff filed in the State Court action, Plaintiff purportedly left a copy of the Summons and Complaint with an Amazon employee at a facility in Commerce, California on December 23, 2020, allegedly effectuating service on Amazon.com Services LLC. Holecek Decl., Ex. F.  While Amazon does not concede that this constituted proper service of process, this notice of removal is nevertheless timely because it is filed "within 30 days after the service of summons upon" Amazon. 28 U.S.C. § 1446(b)(1).

---

[1] To Amazon's knowledge, Mr. Deal has not been served in this action and this removal is therefore made only on behalf of Amazon.com Services LLC.

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. In his Complaint, Plaintiff alleges eighteen causes of action against Amazon and Mr. Deal: (1) Failure to Pay Minimum Wage; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Rest Breaks; (4) Failure to Provide Meal Breaks; (5) Failure to Indemnify/Reimburse Expenses; (6) Failure to Pay Wages Upon Ending Employment; (7) Waiting Time Penalties; (8) Failure to Provide Accurate Itemized Wage Statements; (9) Failure to Maintain Payroll Records; (10) Failure to Produce Employee File; (11) Disability Discrimination; (12) Retaliation [Gov. Code, § 12940(h)]; (13) Retaliation [Labor Code, § 1102.5]; (14) Failure to Prevent Discrimination and Retaliation; (15) Failure to Provide Reasonable Accommodation; (16) Failure to Engage in Good Faith Interactive Process; (17) Unfair and Unlawful Business Practices; and (18) Wrongful Termination. *See* Holecek Decl., Ex. B ("Compl.").

4. Plaintiff alleges that he worked for Amazon "as a delivery driver," which required "picking up packages from warehouses and delivering them to customers," but that in that role he was "misclassified as an independent contractor." Compl. ¶¶ 17–18. As a result of his alleged misclassification, Plaintiff alleges that he "had to cover all expenses, like mileage, causing him to ultimately earn around $5.00 per hour" for the approximately "five (5) to six (6) hours per day" he worked. *Id*. ¶¶ 18–19. Plaintiff alleges that he also "worked overtime for about 10 hours in total without receiving overtime compensation" and "was denied his rest and meal breaks." *Id*. ¶ 20.

5. Plaintiff also alleges that he was discriminated against "due to Plaintiff's disability," wrongfully terminated, and retaliated against. *See* Compl. ¶¶ 23–26. Plaintiff alleges that he suffered a "car accident where his car was totally damaged," which Amazon "denied Plaintiff any insurance coverage for," causing Plaintiff to incur costs "for the loss of his car" and "to get a new car, for which he paid $2,000." *Id*. ¶ 21. Plaintiff further claims that he "sustained several injuries to his neck, back . . . and his shoulders during the accident," which required medical treatment that Amazon

"explicitly refused to cover." *Id.* ¶ 22. Plaintiff alleges that his "employment" was wrongfully terminated on November 3, 2019 in retaliation for his "complaints to the company about its refusal to cover his car loss expenses and in discrimination [sic] due to Plaintiff's disability." *Id.* ¶ 26.

6. For purposes of this removal ***only***, Amazon assumes Plaintiff's allegations are true.[2]

7. Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Defendants deny Plaintiff's factual allegations and deny that he is entitled to the relief requested. However, based on the allegations in the Complaint, the prayer for relief, and the Declarations of Michael Deal and Zane Brown, all requirements for federal jurisdiction under section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

A. **There Is Complete Diversity of Citizenship**

8. Plaintiff and Defendants are "citizens of different states." 28 U.S.C. § 1332(a).

9. For diversity purposes, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A party is domiciled where she "resides with

---

[2] Amazon denies that liability or damages can be established as to Plaintiff. Amazon does not concede and reserves the right to contest, at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against it under applicable California law. Amazon further reserves the right to argue that Plaintiff's claims must be adjudicated in individual arbitration under the terms of his arbitration agreement with Amazon, which he has sought to enforce by filing a demand for arbitration arising from the same set of facts. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Amazon's notice seeks only to establish that the amount in controversy is more likely than not in excess of the jurisdictional minimum.

Gibson, Dunn & Crutcher LLP

the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. Plaintiff alleges that he "is, and at all times relevant was, a resident of the County of Los Angeles." Compl. ¶ 1. Accordingly, Plaintiff is domiciled in Los Angeles County, California and thus is a citizen of the State of California for purposes of removal. *See id.*; *Kanter*, 265 F.3d at 857.

11. Defendant Michael Deal is alleged to "reside in Los Angeles County" (Compl. ¶ 3), but that is not true. Mr. Deal is a resident of the state of Washington, with an intent to remain in that state. Deal Decl. ¶ 2. Plaintiff's allegations are not required to be accepted as true if there is admissible evidence submitted that contradicts them. *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 922 (C.D. Cal. 2015) (confirming that "courts 'may not assume the truth of allegations in a pleading which are contradicted by affidavit'") (quoting *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). Accordingly, Mr. Deal is a citizen of the State of Washington for purposes of removal. *Kanter*, 265 F.3d at 857.

12. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Amazon.com Services LLC has only one member, Amazon.com, Inc. *See* Brown Decl. ¶ 2. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Amazon, Inc. is incorporated under the laws of Delaware and has its headquarters in Seattle, Washington. Brown Decl. ¶ 2. Accordingly, Amazon.com, Inc., and also Amazon.com Services LLC, are citizens of the states of Washington and Delaware for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

13. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between Plaintiff and both Defendants. *See* 28 U.S.C. § 1332(a).

B. **The Amount in Controversy Exceeds $75,000**

14. Courts evaluate a removing defendant's assertion of the amount in controversy under a "preponderance of the evidence" standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase used for determining whether a factual allegation is, in fact, true," "a defendant is not required to admit, and is certainly not required to *prove*, the truth of plaintiff's assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (emphasis in original). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (cited with approval in *Lewis*) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

15. A removing defendant is not required to "'research, state, [or attempt to] prove the plaintiff's claims for damages.'" *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010). "Generally, the amount in controversy is determined from the face of the pleadings . . . [and] [t]he ***sum claimed by the plaintiff controls*** so long as the claim is made in good faith." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (emphasis added) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) ("The plaintiff, after all, creates the controversy and is the master of the claim, and decides how much money to demand. . . . The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.").

16. If the complaint does not claim a specific sum of damages, a removing defendant may make a "reasonable extrapolation[] from the plaintiff's allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d at 1041; *see also, e.g., Lippold*, 2010 WL 1526441, at *3 (finding it reasonable for defendant to assume that plaintiff worked "13 hours a day every day that plaintiff worked for" defendant, because plaintiff alleged that he "regularly and/or consistently worked in excess of 12 hours per day"); *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a 'well-founded evidentiary record' are entitled to make 'reasonable extrapolations' from the allegations in the complaint").

17. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

### 1. The Amount in Controversy Requirement Is Established Through Plaintiff's Own Demands for Relief in Excess of $75,000

18. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff expressly seeks damages in excess of that jurisdictional minimum. Plaintiff alleges that he is entitled to "a money judgment representing compensatory damages including lost wages, future loss [sic] wages, other employee benefits, civil penalties and all other sums of money" of "***no less than $200,000.***" Compl., Prayer ¶ 1 (emphasis added). Additionally, Plaintiff alleges that he

is entitled to additional "[g]eneral damages" of "**no less than $500,000**." *Id.* Prayer ¶ 2 (emphasis added).

19. Plaintiff's own allegations that he is owed these specific sums make it "facially apparent" that the amount in controversy exceeds the $75,000 minimum threshold. *Singer*, 116 F.3d 373, 376–77; *see also Crum*, 231 F.3d at 1131.

**2. Alternatively, the Amount in Controversy Requirement Is Satisfied by Showing a Reasonable Estimate of Potential Recovery Based on Plaintiff's Allegations**

20. However, should the Court require further evidence that the amount in controversy requirement is met, beyond Plaintiff's own demands and allegations, Amazon provides the following in an abundance of caution.

21. Plaintiff seeks lost wages or back pay for his retaliation and wrongful termination claims. Using the Los Angeles County minimum wage in effect when Plaintiff was terminated in November 2019, his alleged backpay would have to be paid at no less than $14.25 per hour. *See* Los Angeles County Consumer & Business Affairs, Minimum Wage Basics for Employers, *available at* https://dcba.lacounty.gov/minimum-wage-for-businesses/. Based on the fact that Plaintiff claimed to have worked "five (5) to six (6) hours per day," Compl. ¶ 20, his weekly earnings for a standard five-day workweek would be $14.25 per hour x 5 hours x 5 days = $356.25 per week. Plaintiff alleges he was terminated on November 3, 2019. *Id.* ¶ 23. For removal purposes, back pay is typically calculated by multiplying an employee's hourly wage by the number of workweeks between his termination date and the date of removal. *See Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, *3 (E.D. Cal. Apr. 15, 2011), *report and recommendation adopted*, 2011 WL 1739913 (E.D. Cal. May 4, 2011). But it is also appropriate to consider "lost wages up until the date of a potential trial." *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019); *Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018) (same). Plaintiff alleges that his lost wages continue, and he in fact seeks lost "future

income." Compl. ¶ 31. Accordingly, it is appropriate to consider lost wages for additional "one year from the date of removal," which reflects a "'conservative estimate of the trial date' in employment cases." *Reyes*, 2019 WL 4187847, at *3 (quoting *Fisher*, 2018 WL 6323077, at *5). Using that conservative figure of backpay from the date of termination (November 3, 2019) through one year following the date of removal (January 22, 2022), this request places an estimated **$40,968.75** ($356.25 x 115 workweeks) in controversy.

22. Plaintiff also brings a claim under Labor Code section 1102.5, which permits recovery of a statutory penalty of $10,000 against a corporate employer for retaliating against an employee who exercises his legal rights. *See* Compl. ¶¶ 127–38; *see also* Cal. Lab. Code § 1102.5(f). Plaintiff alleges that Amazon retaliated against him by terminating him after he requested a "reasonable accommodation for his disability, such as reasonable time off and Defendant's assistance in covering his medical expenses." *Id.* ¶ 130. Accordingly, the **$10,000.00** penalty is properly included within the amount in controversy.

23. Plaintiff seeks waiting time penalties for failure to pay all wages due at termination pursuant to Labor Code section 203. *See* Compl. ¶¶ 86–94. Plaintiff alleges that "Plaintiff is entitled to waiting time penalties" in the form of his regular "wages . . . at the same rate until paid (not to exceed 30 days)." *Id.* ¶¶ 89, 92; *see also* Cal. Lab. Code § 203 (if an employer fails to pay all wages due an employee at the time of termination, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days). Assuming Plaintiff will be owed no less than the Los Angeles County minimum wage in effect on November 3, 2019, $14.25 per hour (*see supra* ¶ 21), for 5 hours a day (Compl. ¶ 20) for 30 days, Plaintiff's claim for waiting time penalties places an additional **$2,137.50** in controversy.

24. Plaintiff seeks wage statement penalties under Labor Code section 226 for inaccurate wage statements. *See* Compl. ¶¶ 95–100. Under section 226, a plaintiff who

receives inaccurate or noncompliance wage statements may be entitled to $50 for the first incorrect wage statement, and $100 for each subsequent incorrect wage statement up to a maximum penalty of $4,000. Cal. Lab. Code § 226(a); Compl. ¶ 100. Plaintiff alleges he was provided inaccurate wage statements between September 3, 2019 and November 3, 2019. *Id.* ¶¶ 17, 25. That period encompasses 8 weeks, during which time Delivery Partners like Plaintiff were paid twice per week. *See* Holecek Decl. Ex. G, Declaration of Alexa Hawrysz submitted in *Diaz v. Amazon.com, Inc. et al.*, N.D. Cal. Case No. 3:20-cv-07792-VC, ¶ 5.[3] Therefore, Plaintiff would be entitled to 16 accurate wage statements, all of which he contends were inaccurate because they failed to show "all hours worked, as well as all applicable hourly rates in effect." Compl. ¶ 98. Accordingly, Plaintiff's claim, if proven, would entitle him to 1-$50 penalty and 15-$100 penalties, for a total penalty of **$1,550.00**.

25. Plaintiff also seeks a $750 penalty for Amazon's alleged failure to allow him "to inspect his personnel file in accordance to [sic] *Labor Code* section 1198.5." Compl. ¶ 111. Labor Code section 1198.5(k) authorizes a $750 penalty if an employer "fails to permit a current or former employee . . . to inspect or copy personnel records" within 30 days of such a request. Cal. Lab. Code § 1198.5(k). As a result, this **$750.00** penalty is also properly included in the amount in controversy.

26. This Court may also consider Plaintiff's request for punitive damages for his wrongful termination claim in determining the amount in controversy. Compl. ¶ 33. Punitive damages are available for Plaintiff's claims under California law. *Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *4 (C.D. Cal. Jan. 26, 2018) (noting that punitive damages are available for claims brought pursuant to Cal. Gov't Code § 12940). And "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Amado v. US Bancorp*, 2015 WL 5618877, at *2 (C.D. Cal. Sept. 24,

---

[3] Exhibit G is the declaration of Alexa Hawrysz submitted in connection with the successful removal of *Diaz v. Amazon.com, Inc. et al.*, N.D. Cal. Case No. 3:20-cv-07792-VC, on November 4, 2020.

2015); *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, at *4 (C.D. Cal. Feb. 23, 2009) ("In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law."). A "defendant 'may introduce evidence of jury verdicts in cases involving analogous facts' in order to establish probable punitive damages" even where the facts of the current case are "far less egregious." *See Mejia*, 2018 WL 582325, at *4; *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (noting that the "fact that the cited [jury verdict] cases involve distinguishable facts is not dispositive"). Punitive damages have been awarded in similar single plaintiff disability discrimination cases. *See, e.g.*, *Ko v. The Square Grp.*, 2014 WL 8108413 (Cal. Super. June 16, 2012) (awarding $500,000 in punitive damages in single plaintiff disability discrimination suit); *Romero v. Leon Max, Inc.*, 2009 WL 5258439 (Cal. Super. Nov. 2, 2009) (awarding $50,000 in punitive damages in single plaintiff disability discrimination suit). Accordingly, "defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award." *Simmons*, 209 F. Supp. 2d at 1033. Assuming a conservative punitive damages award based upon a one-to one ratio based on the estimated back pay damages (*see supra* ¶ 21) would place at least an additional **$40,968.75** in controversy. *See Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (assuming "a conservative" one-to one  ratio for punitive to compensatory damages for determining whether amount in controversy threshold was met (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007))).

27. Plaintiff also seeks attorneys' fees pursuant to Cal. Gov't Code § 12965. *See* Compl. ¶¶ 34, 125, 137, 150, 164, 179, 194. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Indeed, where "the law entitles [plaintiff] to an award of attorneys' fees if [he] is successful, such future attorneys' fees are at stake in

the litigation, and must be included in the amount in controversy." *Id.*; *Castillo v. ABM Indus. Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017) (noting that "recent cases in this district hold that post-removal attorneys' fees should be included") (collecting cases). Further, the Central District has "determined that 'an appropriate and conservative estimate' for attorneys' fees in [individual] employment cases in this district 'may reasonably be expected to equal at least $30,000.'" *Castillo*, 2017 WL 5609791, at *3; *Guytan v. Swift Transportation Co. of Arizona, LLC*, 2017 WL 2380159, at *3 (C.D. Cal. June 1, 2017) (citing *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015)); *see also Ponce v. Med. Eyeglass Ctr., Inc.*, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015) (estimating $30,000 of attorneys' fees in a single-plaintiff employment case). Therefore, **$30,000.00** in attorneys' fees is properly included in the amount in controversy.

28. In total, the amount in controversy is in excess of **$126,375.00**, even disregarding Plaintiff's demands for far more than that amount. This total is conservative, as it does not include potential damages or penalties for Plaintiff's minimum wage, overtime, meal and rest break, or reimbursement claims, or for his request for emotional distress damages.

| **Recovery Sought** | **Amount in Controversy** |
|---|---|
| Back Pay | $40,968.75 |
| Labor Code Section 1102.5 Penalty | $10,000 |
| Labor Code Section 203 Penalties | $2,137.50 |
| Labor Code Section 226 Penalties | $1,550.00 |
| Labor Code Section 1198.5 Penalty | $750.00 |
| Punitive Damages | $40,968.75 |
| Attorneys' Fees | $30,000.00 |
| **TOTAL** | **$126,375.00** |

### III. THE COURT HAS JURISDICTION AND REMOVAL IS PROPER

29. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because

 1. This is a civil action within the meaning of § 1332(a);
 2. The properly named parties are citizens of different states as required by § 1332(a)(1); and
 3. The amount in controversy exceeds $75,000 as required by § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

30. The United States District Court for Central District of California, Western Division is the federal judicial district in which the Los Angeles County Superior Court sits. This action was originally filed in the Los Angeles County Superior Court (*see* Compl.), rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

31. True and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Assignment, (e) Notice of Case Management Conference, and (f) Proof of Service by Substituted Service on Amazon.com Services LLC d/b/a Amazon Flex, are attached as Exhibits A through F to the Holecek Declaration, filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

32. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: January 22, 2021

    MICHAEL HOLECEK
    LAUREN M. BLAS
    MEGAN COONEY
    GIBSON, DUNN & CRUTCHER LLP

    By: */s/ Michael Holecek*
               Michael Holecek

    Attorneys for Defendant AMAZON.COM SERVICES LLC