Gavril T. Gabriel, Esq. [SBN: 296433]
**THE LAW OFFICES OF GAVRIL T. GABRIEL**
8255 Firestone Blvd., Suite 209
Downey, California 90241

Phone: (562) 758-8210
Fax: (562) 758-8219
Email: GGabriel@GTGLaw.Org

Attorney for PLAINTIFF,
ANDREW GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GARCIA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES LLC DBA AMAZON FLEX, a Limited Liability Company; AMAZON LOGISTICS, INC., a Corporation; MICHAEL D. DEAL, an individual; UDIT MADAN, an individual; MICHAEL MILLER, an individual; JOHN FELTON, an individual and DOES 1 through 60, inclusive, <br><br> Defendants. | CASE NO.  2:21-cv-00604-SB-MRW <br><br> FIRST AMENDED COMPLAINT FOR: <br><br> (1) FAILURE TO PAY MINIMUM WAGE; <br> (2) FAILURE TO PAY OVERTIME COMPENSATION; <br> (3) FAILURE TO PROVIDE REST BREAKS; <br> (4) FAILURE TO PROVIDE MEAL BREAKS; <br> (5) FAILURE TO INDEMNIFY/REIMBURSE EXPENSES; <br> (6) FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT; <br> (7) WAITING TIME PENALTIES; <br> (8) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS; <br> (9) FAILURE TO MAINTAIN PAYROLL RECORDS; <br> (10) FAILURE TO PRODUCE EMPLOYEE FILE; <br> (11) DISABILITY DISCRIMINATION; <br> (12) RETALIATION [Gov. Code, § 12940(h)]; <br> (13) RETALIATION [Labor Code, § 1102.5]; <br> (14) FAILURE TO PREVENT DISCRIMINATION AND RETALIATION; <br> (15) FAILURE TO PROVIDE REASONABLE ACCOMMODATION; <br> (16) FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS; <br> (17) UNFAIR AND UNLAWFUL BUSINESS PRACTICES (in violation of Business & Professions Code sections 17200 et seq.); and <br> (18) WRONGFUL TERMINATION [In Violation of Public Policy]. <br><br> Unlimited, <br> Jury Trial Demanded |

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-1-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    COMES NOW PLAINTIFF, ANDREW GARCIA (hereafter referred to as "ANDREW

2    GARCIA" or "Plaintiff"), and complains and alleges as follows:

3                            **I.      SUMMARY**

4        This is an action by Plaintiff, ANDREW GARCIA, whose employment with Defendants

5    AMAZON.COM SERVICES LLC DBA AMAZON FLEX ("Amazon.com" or "Defendant") and

6    AMAZON LOGISTICS, INC. ("Amazon" or "Defendant") and MICHAEL D. DEAL, UDIT

7    MADAN, MICHAEL MILLER, JOHN FELTON was wrongfully terminated. Plaintiff brings this

8    action against Defendants for economic, non-economic, compensatory, and punitive damages,

9    pursuant to *Code of Civil Procedure* section 3291, and costs and reasonable attorney's fees

10   pursuant to *Government Code* section 12965(b) and *Code of Civil Procedure* section 1021.5.

11                           **II.     PARTIES**

12       1.      *Plaintiff:* Plaintiff is, and at all times relevant was, a resident of the County of Los

13   Angeles.

14       2.      *Defendants:* Defendants Amazon.com, and DOES 1 through 10 (hereinafter

15   collectively referred to as "Defendants") are, and at all times relevant were, a Corporation

16   authorized to operate by the State of California and authorized and qualified to do business in the

17   County of Los Angeles. Defendants' place of business, where the following causes of action took

18   place, was and is in the County of Los Angeles.

19       3.      Defendants Amazon and DOES 1 through 20 (hereinafter collectively referred to

20   as "Defendants") are, and at all times relevant were, a Corporation authorized to operate by the

21   State of California and authorized and qualified to do business in the County of Los Angeles.

22   Defendants' place of business, where the following causes of action took place, was and is in the

23   County of Los Angeles.

24       4.      *Individual Defendants:* Defendants MICHAEL D. DEAL and DOES 21 through

25   30 are, and at all times relevant were, individuals who reside in Washington.

26       5.      *Individual Defendants:* Defendants UDIT MADAN and DOES 31 through 40 are,

27   and at all times relevant were, individuals who reside in Washington.

28       6.      *Individual Defendants:* Defendants MICHAEL MILLER and DOES 41 through

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-2-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   50 are, and at all times relevant were, individuals who reside in Washington.

2       7.     *Individual Defendants:* Defendants JOHN FELTON and DOES 51 through 60

3   are, and at all times relevant were, individuals who reside in Washington.

4       8.     *Doe defendants:* Defendants DOES 1 to 60, inclusive, are sued under fictitious

5   names pursuant to *Code of Civil Procedure* section 474. Plaintiff is informed and believes, and on

6   that basis alleges, that each of the Defendants sued under fictitious names is in some manner

7   responsible for the wrongs and damages alleged below, in so acting was functioning as the agent,

8   servant, partner, and employee of the Defendants, and in taking the actions mentioned below was

9   acting within the course and scope of his or her authority as such agent, servant, partner, and

10  employee, with the permission and consent of the co-Defendants. The named Defendants and Doe

11  Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

12      9.     *Relationship of Defendants:* All Defendants compelled, coerced, aided, and/or

13  abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is

14  prohibited under California *Government Code* section 12940(i). All Defendants were responsible

15  for the events and damages alleged herein, including on the following bases: (a) Defendants

16  committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent

17  or employee, and/or acted under the control or supervision of one or more of the remaining

18  Defendants and, in committing the acts alleged, acted within the course and scope of such agency

19  and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times,

20  there existed a unity of ownership interest between or among two or more of the Defendants such

21  that any individuality and separateness between or among those Defendants has ceased, and

22  Defendants are the alter egos of one another. Defendants exercised domination and control over

23  one another to such an extent that any individuality or separateness of Defendants does not, and at

24  all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of

25  Defendants would permit abuse of the corporate privilege and would sanction fraud and promote

26  injustice. All actions of all Defendants were taken by employees, supervisors, executives,

27  officers, and directors during employment with all Defendants, were taken on behalf of all

28  Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

10.     Defendants both directly and indirectly employed Plaintiff as defined in the Fair Employment and Housing Act ("FEHA") at *Government Code* section 12926(d).

11.     In addition, Defendants compelled, coerced, aided, and abetted the discrimination, harassment and retaliation which is prohibited under California *Government Code* section 12940(i).

12.     Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

13.     *Joint-Employment:* Defendants Amazon.com and Amazon are joint-employers of Plaintiff. Defendant Amazon.com is a franchisee of Defendant Amazon and had the right to control the work of Plaintiff, and by and through Amazon, Amazon.com did in fact control Plaintiff's duties. Plaintiff was employed by both Amazon.com and Amazon, based on the following:

    a.    Amazon.com and Amazon supplied the equipment, tools, and place of work;

    b.    The work being done by Plaintiff was part of the regular business of Amazon.com and Amazon;

    c.    Amazon.com and Amazon had the right to end their relationship with Plaintiff;

    d.    The work being done by Plaintiff was her only occupation or business;

    e.    The kind of work performed by Plaintiff is usually done under the direction of a supervisor rather than by a specialist working without supervision; and

    f.    The kind of work performed by Plaintiff does not require specialized or professional skill.

14.     Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

### III.     ALTER EGO ALLEGATIONS

15.     Plaintiff is informed and believes, and based thereon alleges, that some if not all, of the corporations and entities named as Defendants herein, including but not limited to Amazon.com, and DOES 1 through 10, ("ALTER EGO ENTITY/ENTITIES"), and each of them, were at all times relevant, the ALTER EGO ENTITIES of the individual Defendants, MICHAEL

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-4-

1  D. DEAL and DOES 21 through 30.

2    16.    Plaintiff is informed and believes, and based thereon alleges, that some if not all,

3  of the corporations and entities named as Defendants herein, including but not limited to Amazon,

4  and DOES 11 through 20, ("ALTER EGO ENTITY/ENTITIES"), and each of them, were at all

5  times relevant, the ALTER EGO ENTITIES of the individual Defendants, UDIT MADAN,

6  MICHAEL MILLER, JOHN FELTON and DOES 31 through 60.

7    17.    Alter Ego liability is appropriate when a corporation is used by an individual or

8  individuals, or by another corporation, to perpetrate a fraud, circumvent a statute, or accomplish

9  some other wrongful or inequitable purpose. A court may disregard the corporate entity and treat

10  the acts as if they were done by the individuals themselves. (*Kohn v. Kohn* (1950) 95 Cal.App.2d

11  708, 717-720.)

12    a.    Plaintiff is informed and believes, and based thereon, alleges that at all times

13  herein mentioned, there existed and now exists 1) a unity of interest and ownership between said

14  individual Defendants MICHAEL D. DEAL, UDIT MADAN, MICHAEL MILLER, JOHN

15  FELTON and DOES 11 through 60, and ALTER EGO ENTITIES; and 2) the separateness of said

16  individual Defendants and each of the ALTER EGO ENTITIES has ceased and an inequitable

17  result will follow if the acts identified in this Complaint are treated as those of the corporation

18  alone. *Crestmar Owner Assn*. (2007) 157 CA4th 1223, 1232.

19    ~~b.~~    Plaintiff is informed and believes, and based thereon alleges, that at all times

20  herein mentioned, Amazon.com and Amazon were closely held companies.

21    c.    Plaintiff is informed and believes, and based thereon alleges, that at all times

22  herein mentioned, Defendant MICHAEL D. DEAL dominated, influenced, and controlled

23  Amazon.Com, as Defendant MICHAEL D. DEAL is a managing member of Amazon.com.

24    d.    Plaintiff is informed and believes, and based thereon alleges, that at all times

25  herein mentioned, Defendants UDIT MADAN, MICHAEL MILLER, JOHN FELTON

26  dominated, influenced, and controlled Amazon, as Defendants UDIT MADAN, MICHAEL

27  MILLER, JOHN FELTON are the owners, shareholders, chief executive officers, secretaries,

28  chief financial officers, directors, and managers of Amazon.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-5-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    e.       By virtue of the foregoing, adherence to the fiction of the separate corporate

2    existence of each of the ALTER EGO ENTITIES would, under the circumstance, produce an

3    unequitable result in that Defendant MICHAEL D. DEAL who made all major decisions for

4    Amazon.com, would not be held liable for his decisions made on behalf of Amazon.com. These

5    facts demonstrate that Amazon.com and DOES 1 through 10 were simply the alter ego of

6    Defendant MICHAEL D. DEAL and DOES 21 through 30, so that Defendant MICHAEL D.

7    DEAL, is individually responsible for all damages, including but not limited to damages,

8    penalties, interest, attorney's fees, and costs due and owing to Plaintiff.

9    f.       By virtue of the foregoing, adherence to the fiction of the separate corporate

10   existence of each of the ALTER EGO ENTITIES would, under the circumstance, produce an

11   unequitable result in that Defendants UDIT MADAN, MICHAEL MILLER, JOHN FELTON

12   who made all major decisions for Amazon, would not be held liable for his decisions made on

13   behalf of Amazon. These facts demonstrate that Amazon and DOES 11 through 20 were simply

14   the alter ego of Defendants UDIT MADAN, MICHAEL MILLER, JOHN FELTON and DOES

15   31 through 60, so that Defendants UDIT MADAN, MICHAEL MILLER, JOHN FELTON are

16   individually responsible for all damages, including but not limited to damages, penalties, interest,

17   attorney's fees, and costs due and owing to Plaintiff.

18   g.       Plaintiff is informed and believes, and based thereon alleges, that at all times

19   herein mentioned, the individual Defendants dominated, influenced, and controlled each of the

20   ALTER EGO ENTITIES and the officers/members thereof, as well as the business, property, and

21   affairs of each of said entities.

22   h.       Plaintiff is informed and believes, and based thereon alleges, that at all times

23   since the initiation of each, each ALTER EGO ENTITY has been and now is a mere shell, which

24   said individual Defendants used as a conduit for the conduct of his/her/their personal business,

25   property, and affairs.

26   i.       Plaintiff is informed and believes, and based thereon alleges, that at all times

27   herein mentioned, each of the ALTER EGO ENTITIES were created pursuant to a fraudulent

28   plan, scheme and device, conceived and operated by said individual Defendants, whereby the

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-6-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  income, revenue and profits of each of the ALTER EGO ENTITIES were diverted by said

2  individual Defendants to himself/herself/themselves.

3         j.       Plaintiff is informed and believes, and based thereon alleges, that at all times

4  herein mentioned, each of the ALTER EGO ENTITIES were organized by said individual

5  Defendants as a device to avoid individual liability and for the purpose of substituting financially

6  irresponsible entities in the place and stead of said individual Defendants, and each of them, and

7  accordingly, each ALTER EGO ENTITY was formed with capitalization totally inadequate for

8  the business in which said corporation was engaged.

9         k.       Plaintiff is informed and believes, and based thereon alleges, that at all times

10  herein mentioned, each of the ALTER EGO ENTITIES and the individual Defendants committed

11  the following wrongful acts: 1) commingled funds and other assets; 2) failed to segregate funds of

12  the individual and the corporation; 3) diverted corporate funds without authorization for anything

13  other than corporate purposes; 4) treatment by an individual of corporate assets as his own; 5)

14  failed to seek authority to issue stock or issue stock under existing authorization; 6) represented to

15  an individual that he is personally liable for corporate debts; 7) failed to maintain adequate

16  corporate minutes or records; 8) intermingled individual and corporate records; 9) ownership of

17  all stock by a single individual or family; 10) domination or control of the corporation by the

18  stockholders; 11) use of a single address for the individual and the corporation; 12) inadequate

19  capitalization of the corporation; 13) use of the corporation as a mere conduit for an individual's

20  business; 14) concealed ownership of the corporation; 15) disregarded formalities and failed to

21  maintain arm's-length transactions with the corporation; and 16) attempted to segregate liabilities

22  to the corporation.

23         l.       Plaintiff is informed and believes, and based thereon alleges, that each ALTER

24  EGO ENTITY is insolvent.

25         m.     By virtue of the foregoing, adherence to the fiction of the separate corporate

26  existence of each of the ALTER EGO ENTITIES would, under the circumstances, sanction fraud

27  and promote injustice in that Plaintiff would be unable to realize any judgment in Plaintiff's favor.

28  ///

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

## IV.   PERSONAL LIABILITY OF OWNER, DIRECTOR, OFFICER, OR MANAGING AGENT OF THE EMPLOYER PURSUANT TO CALIFORNIA LABOR CODE SECTION 558.1 ET SEQ.

18.     Pursuant to California *Labor Code* sections 558.1 et seq., "any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."

19.     Pursuant to California *Labor Code* sections 558.1 et seq., "the term other person acting on behalf of an employer is limited to a natural person who is an owner, director, officer, or managing agent of the employer."

20.     Plaintiff is informed and believes that MICHAEL D. DEAL, UDIT MADAN, MICHAEL MILLER, JOHN FELTON and DOES 31 through 60 are owners, directors, officers, or managing agents of the employers, Amazon.com and DOES 1 through 10 and Amazon and DOES 21 through 30.

21.     Plaintiff has alleged violations of *Labor Code* sections 203, 226, 226.7, 1193.6, and/or 1194.

22.     Pursuant to *Labor Code* sections 558.1 et seq., Plaintiff alleges personally liability against MICHAEL D. DEAL, UDIT MADAN, MICHAEL MILLER, JOHN FELTON and DOES 31 through 60 with respect to the causes of action relating to *Labor Code* sections 203, 226, 226.7, 1193.6, and/or 1194.

### V.     VENUE AND JURISDICTION

23.     Venue is proper in Los Angeles County because Defendants employed Plaintiff in Los Angeles County, and the acts complained of herein occurred in Los Angeles County.

### VI.     FACTS COMMON TO ALL CAUSES OF ACTION

24.     *Plaintiff's hiring:* Amazon.com Services, Inc. (hereafter "Defendant" or "Amazon.com") and Amazon Logistics, Inc. (referred to as "Amazon" or "Defendant") hired Andrew Garcia (hereafter referred to as "Plaintiff" or "Mr. Garcia") as a delivery driver on or

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

around September 3rd, 2019. Plaintiff's job duties included picking up packages from warehouses and delivering them to customers.

25.     Plaintiff's payment was based on the workload he performed. During the entire time Plaintiff worked for Defendants, he was misclassified as an independent contractor, earning in total the gross amount of $3,327.00. However, Plaintiff had to cover all expenses, like mileage, on his own causing him to ultimately earn around $5.00 per hour.

26.     Throughout his employment with Defendant, Plaintiff performed his duties efficiently, diligently, punctually and to the best of his abilities. Plaintiff never received below 100% in his weekly performance reports. Plaintiff completed 100% of his assigned workload every week.

27.     On average, Plaintiff worked five (5) to six (6) hours per day. Throughout his employment, Plaintiff also worked overtime for about 10 hours in total without receiving overtime compensation Defendant justified the non-overtime payment by invoking Plaintiff's employment status. Similarly, Plaintiff, as well as other employees, did not receive any benefits, like sick pay. Plaintiff was also denied his rest and meal breaks.

28.     On October 24, 2019, Plaintiff had a car accident where his car was totally damaged. Defendants denied Plaintiff any insurance coverage for the car loss, on the grounds that Mr. Garcia was working as an independent contractor. Plaintiff had to pay for the loss of his car and junk it for $500. Plaintiff had to get a new car, for which he paid $2,000. In addition, Plaintiff had to pay for gas, tires and oil changes, and for having a tow truck take his car to the yard. In the time period between the day of accident and the day of termination, Plaintiff was making attempts to have his car fixed. At the same time, Plaintiff complained daily to Defendants about the fact that it was not covering the damages to the car. Despite his constant efforts, Plaintiff did not receive even a partial reimbursement for all these expenses from the company.

29.     Plaintiff sustained several injuries to his neck, back (back muscles, spine and spinal cord) and his shoulders during the accident. Plaintiff needed medical treatment which Defendant explicitly refused to cover. Plaintiff could not afford the medical expenses and, as a result, he was unable to see a doctor.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-9-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

30.     Almost immediately after the accident, Plaintiff called Defendants and spoke with Hannah from the Amazon Flex Escalations team. Plaintiff explained to Hannah that he had been in an accident, he was injured and his car was totaled. As a result, he would not be able to perform his job duties. Plaintiff was told by Defendants that he had packages in his car that still needed to be delivered. Defendants instructed Plaintiff to deliver those despite the accident. After the accident, Plaintiff paid a tow truck to get the car back to the warehouse where he left the packages and told someone else to deliver the remaining packages.

31.     From October 24 2019, the day of the accident, to November 3rd, 2019, the date of his termination, Plaintiff was absent from work as he was in pain and recovering.

32.     On November 3, 2019, Plaintiff received a termination notice from Defendants. Plaintiff received an email stating that a customer never received his package. Plaintiff refused that assertion claiming that he had always performed his job duties and had weekly reports to prove it. Defendants gave insufficient explanation for Plaintiff's termination. Defendants did not even specify the date on which the customer supposedly did not receive their package.

33.     Plaintiff asserts that his termination was due to retaliation for his previous complaints to the company about its refusal to cover his car loss expenses and in discrimination due to Plaintiff's disability.

34.     On December 17, 2019, Plaintiff filed an action with a small claims court against Defendants alleging property damages. The hearing was conducted on February 18, 2020. On March 17, 2020, Plaintiff received a favorable final judgement in the amount of $1,200.00. Even though Plaintiff was formally employed as an independent contractor, the Court considered the surrounding circumstances of his employment and concluded that Plaintiff must be treated as an employee of Defendants for purposes of the Labor Code. Because of Defendants' wrongful conduct, Plaintiff has been suffering from sadness, depression, anger, stress, anxiety and frustration. After the accident, Plaintiff did not have a car for a week approximately, since Defendants refused to cover his car loss. This rendered the performance of Plaintiff's job duties even harder. Plaintiff has suffered both economic and non-economic damages on a continuous and ongoing basis, including, costs, attorney's fees and interest as a result of Defendants'

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   wrongful conduct.

2          35.      Plaintiff believes, and based thereon alleges, that he was terminated because of

3   his disability in furtherance of continuous and ongoing discrimination, harassment and retaliation.

4   Plaintiff did not receive his final paycheck until approximately one week after he was terminated.

5          36.      As a result of Defendants' unlawful conduct, Plaintiff has suffered damages

6   resulting in lost benefits, lost income and lost wages owed to him.

7          37.      This is an action brought by Plaintiff, against Defendants, alleging, inter alia, (1)

8   Failure to Pay Minimum Wage; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide

9   Rest Breaks; (4) Failure to Provide Meal Breaks; (5) Failure to Indemnify/Reimburse Expenses;

10  (6) Failure to Pay Wages Upon Ending Employment; (7) Waiting Time Penalties; (8) Failure To

11  Provide Accurate Itemized Wage Statements; (9) Failure To Maintain Payroll Records; (10)

12  Failure To Produce Employee File; (11) Disability Discrimination; (12) Retaliation [Gov. Code, §

13  12940(h)]; (13) Retaliation [Labor Code, § 1102.5]; (14) Failure to Prevent Discrimination and

14  Retaliation; (15) Failure to Provide Reasonable Accommodation; (16) Failure to Engage in Good

15  Faith Interactive Process; (17) Unfair and Unlawful Business Practices; and (18) Wrongful

16  Termination (In Violation of Public Policy).

17         38.      *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has

18  suffered and will suffer harm, including lost past and future income and employment benefits,

19  damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest

20  on unpaid wages at the legal rate from and after each payday on which those wages should have

21  been paid, in a sum to be proven at trial.

22         39.      *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has

23  suffered and will suffer psychological and emotional distress, humiliation, mental pain and

24  physical pain and anguish, in a sum to be proven at trial.

25         40.      *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or

26  malice under California *Civil Code* section 3294 and, thus, entitles Plaintiff to an award of

27  exemplary and/or punitive damages.

28         a.       *Malice:* Defendants' conduct was committed with malice within the meaning of

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-11-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

California *Civil Code* section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of his disability, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, retaliation, and wrongful employment termination.

b.      *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California *Civil Code* section 3294, including that Defendants' actions against Plaintiff because of his disability were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, retaliation, and wrongful employment termination.

c.      *Fraud:* In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of California *Civil Code* section 3294, including that Defendants asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive him of legal rights.

d.      Defendants, and their managing agents, officers, and/or directors, including Syed M., who terminated Plaintiff, authorized or ratified the wrongful conduct of its employees, and/or are liable of oppression, fraud, or malice.

41.     *Attorney's fees:* Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

42.     Plaintiff has adequately exhausted all of his administrative remedies under FEHA and obtained a "Right to Sue" letter from the Department of Fair Employment and Housing against Defendants. (A true and correct copy of Plaintiff's "Right to Sue" letter is attached hereto as **Exhibit "A"**).

## VII.    FIRST CAUSE OF ACTION
(Failure to Pay Minimum Wage (Labor Code, § 1197))
(Against All Defendants)

43.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-12-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    44.    *Labor Code* section 1197 provides "the minimum wage for employees fixed by
2    the commission is the minimum wage to be paid to employees, and the payment of a less wage
3    than minimum wage so fixed is unlawful."

4    45.    Defendants failed to perform their obligations to compensate Plaintiff at least
5    minimum wage for all hours worked through actions alleged herein, including failing to pay
6    proper compensation for all hours worked, and time worked during missed and/or interrupted rest
7    periods.

8    46.    As a direct result of Defendants' *Labor Code* violations, Plaintiff has suffered
9    losses related to the use and enjoyment of compensation due and owing to him.

10    47.    As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of
11    such unpaid wage amounts, penalties, plus interest and penalties thereon, attorney's fees and costs
12    pursuant to *Labor Code* section 1197.

13    48.    The damages caused by Defendants are well in excess of the minimum subject
14    matter jurisdictional amount of this Court and will be demonstrated according to proof.

15    WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## VIII.   SECOND CAUSE OF ACTION
(Failure to Pay Overtime Compensation (Labor Code, § 510))
(Against All Defendants)

19    49.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1
20    through 48 of this Complaint as though fully set forth herein.

21    50.    Plaintiff is informed and believes and based thereon alleges that California *Labor*
22    *Code* sections 1194 and 510 were in full force and effect, and binding upon Defendants,
23    throughout the course of his employment. Pursuant to *Labor Code* section 510(a), "Any work in
24    excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one
25    workweek… shall be compensated at the rate of no less than one and one-half times the regular
26    rate of pay for an employee."

27    51.    At all times relevant, Plaintiff was an employee of Defendants.

28    52.    Plaintiff worked overtime hours while employed by Defendants. However,

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-13-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   Plaintiff did not receive overtime compensation for all hours worked in excess of (8) hours per

2   workday or forty (40) hours per workweek. Thus, Defendants deprived Plaintiff of all overtime

3   compensation owed to him.

4        53.     Defendants knew or should have known that Plaintiff regularly worked overtime

5   hours.

6        54.     Defendants refused to compensate Plaintiff properly for all overtime hours worked,

7   in violation of *Labor Code* section 510.

8        55.     As a result of Defendants' failure to provide Plaintiff proper overtime

9   compensation, Plaintiff has been harmed in that he has been denied full compensation owed to

10   him.

11        56.     As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of

12   such unpaid wage amounts, plus interest and penalties thereon, attorney's fees and costs of suit

13   pursuant to *Labor Code* sections 218.5, 218.6, and 1194.

14        57.     The damages caused by Defendants are well in excess of the minimum subject

15   matter jurisdictional amount of this Court and will be demonstrated according to proof.

16        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

17

18   **IX.    THIRD CAUSE OF ACTION**
(Failure to Provide Rest Breaks (Labor Code, § 226.7))
<u>(Against All Defendants)</u>

19

20        58.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

21   through 57 of this Complaint as though fully set forth herein.

22        59.     California *Labor Code* section 226.7 requires an employer to pay an additional

23   hour of compensation for each workday in which an employee is prevented from taking his rest

24   breaks. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours or

25   fraction thereof worked. Plaintiff consistently worked over four (4) hours per shift with no rest

26   breaks during the relevant statutory period.

27        60.     At all times relevant, Plaintiff was an employee of Defendants.

28        61.     Defendants failed to provide or allow Plaintiff timely rest breaks of not less than

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-14-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   ten (10) minutes for every four (4) hour work period as required by *Labor Code* section 226.7

2   during the relevant statutory period.

3       62.    Throughout his employment with Defendants, Plaintiff was not consistently

4   provided with uninterrupted rest breaks, in violation of *Labor Code* section 226.7.

5       63.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

6   prohibited and/or prevented Plaintiff from taking his legally required rest breaks.

7       64.    As a result of Defendants' violations of *Labor Code* section 226.7, Plaintiff is

8   entitled to damages in an amount equal to one (1) hour of wages per workday in which Plaintiff

9   was prevented from taking his rest breaks, in a sum to be proven at trial, plus interest and

10   penalties thereon, attorney's fees, and cost of suit, pursuant to *Labor Code* sections 218.5 and

11   218.6.

12       WHEREFORE, Plaintiff demands judgment as hereafter set forth.

13

14   **X.    FOURTH CAUSE OF ACTION**
       (Failure to Provide Meal Breaks (Labor Code, § 226.7))

15           (Against All Defendants)

16       65.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

17   through 64 of this Complaint as though fully set forth herein.

18       66.    California *Labor Code* section 226.7 requires an employer to pay an additional

19   hour of compensation for each workday in which an employee is prevented from taking his meal

20   period. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour

21   work period. Plaintiff consistently worked over five (5) hour shifts without being permitted or

22   allowed to take the proper duty free thirty (30) minute legally required meal period.

23       67.    At all times relevant, Plaintiff was an employee of Defendants.

24       68.    Throughout his employment with Defendants, Plaintiff did not receive a thirty

25   (30) minute lunch break, in violation of *Labor Code* section 226.7. Defendants also failed to

26   make and keep accurate time records recording meal periods provided to Plaintiff.

27       69.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

28   prohibited and/or prevented him from taking his legally required meal periods.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-15-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

70.     Further, Defendants instructed Plaintiff to clock out for his lunch break, even though Plaintiff had to work through his break. Defendants did this in order to conceal their violation of *Labor Code* section 226.7.

71.     As a result of Defendants' violations of *Labor Code* section 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per workday in which Plaintiff was prevented from taking his meal period(s), in a sum to be proven at trial, plus interest and penalties thereon, attorney's fees, and cost of suit, pursuant to *Labor Code* sections 218.5 and 218.6.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

**XI.     FIFTH CAUSE OF ACTION**
(Failure to Indemnify/Reimburse Expenses to Employee (Labor Code, § 2802))
<u>(Against All Defendants)</u>

72.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73.     Plaintiff is informed and believes and based thereon alleges that California *Labor Code* section 2802 was in full force and effect, and binding upon Defendants, throughout the course of his employment. Pursuant to *Labor Code* section 2802, an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

74.     At all times relevant, Plaintiff was an employee of Defendants.

75.     Throughout Plaintiff's employment, Plaintiff had to cover the necessary expenses arising out of the performance of his employment.

76.     In violation of *Labor Code* section 2802, Defendants never reimbursed Plaintiff for said expenses.

77.     California *Labor Code* sections 218 and 1194 establish an employee's right to recovery of unpaid wages, interest thereon, together with the costs of suit, and attorney fees.

78.     Plaintiff is entitled to be compensated for all necessary expenses throughout his

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-16-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  employment with Defendants.

2  79.   As a proximate result of Defendants' conduct, Plaintiff has been denied all

3  compensation owed to him according to the *Labor Code*.

4  80.   Defendants' failure to provide Plaintiff all compensation owed to him was done

5  intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive

6  damages.

7  81.   As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of

8  such unpaid wage amounts, plus interest and penalties therein, attorney fees and costs pursuant to

9  *Labor Code* sections 218.5, 218.6, and 1194.

10  WHEREFORE, Plaintiff demands judgment as hereafter set forth.

11

12  **XII.   SIXTH CAUSE OF ACTION**
   (Failure to Pay Wages (Labor Code, § 201))

13  (Against All Defendants)

14  82.   Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

15  through 81 of this Complaint as though fully set forth herein.

16  83.   Plaintiff is informed and believes and based thereon alleges that California *Labor*

17  *Code* sections 201, 203 and 510 were in full force and effect, and binding upon Defendants,

18  throughout the course of his employment.

19  84.   At all times relevant, Plaintiff was an employee of Defendants.

20  85.   Pursuant to *Labor Code* section 201(a), "If an employer discharges an employee,

21  the wages earned and unpaid at the time of discharge are due and payable immediately."

22  86.   Plaintiff, who was terminated by Defendants on or around November 3, 2019,

23  was entitled to receive all amounts owed to him on the date of his termination, including unpaid

24  minimum wage, rest period penalties, and overtime compensation, among other things.

25  87.   Defendants did not provide Plaintiff with his final paycheck until approximately

26  two to three weeks after Plaintiff's termination. Further, Plaintiff's final paycheck did not include

27  all wages owed to him, including unpaid minimum wage, rest period penalties, meal period

28  penalties, and unpaid overtime compensation, among other things.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

88.     Defendants refused and/or failed to promptly compensate Plaintiff all wages owed to him on the date of his termination, in violation of *Labor Code* sections 201, 226.7 and 1194.

89.     Defendants knew, or should have known, that Plaintiff was not timely provided all amounts owed to him.

90.     As a proximate cause of Defendants' failure to provide Plaintiff all amounts owed to him upon termination, Plaintiff has been harmed in that he has been denied full compensation owed to him.

91.     As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of such unpaid wage amounts, plus interest and penalties thereon, attorney's fees and costs pursuant to *Labor Code* sections 218.5, 218.6, and 1194.

92.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XIII.    SEVENTH CAUSE OF ACTION
(Waiting Time Penalties (Labor Code, § 203))
<u>(Against All Defendants)</u>

93.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 92 of this Complaint as though fully set forth herein.

94.     Plaintiff is informed and believes and based thereon alleges that California *Labor Code* sections 201, 203 and 510 were in full force and effect, and binding upon Defendants, throughout the course of his employment.

95.     At all times relevant, Plaintiff was an employee of Defendants.

96.     Plaintiff, who was terminated, was not provided all wages owed to him by Defendants upon his termination, in violation of *Labor Code* section 201, which provides that if an employer willfully fails to pay any wages of an employee who is discharged, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid (not to exceed 30 days) or until an action is commenced.

97.     California *Labor Code* sections 218 and 1194 establish an employee's right to

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-18-

1   recover unpaid wages, interest thereon, together with the costs of suit, and attorney's fees.

2       98.     However, Plaintiff's final paycheck did not include all amounts owed to Plaintiff,

3   such as unpaid overtime compensation, unpaid minimum wage, meal period penalties, or rest

4   period penalties, amongst other things, in violation of *Labor Code* section 201.

5       99.     As a result of Defendants' violation of *Labor Code* section 201, Plaintiff has been

6   harmed in that he has been deprived of all wages due and owing to him. Pursuant to *Labor Code*

7   section 203, Plaintiff is entitled to waiting time penalties.

8       100.    As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of

9   such unpaid wage amounts, penalties, plus interest and penalties thereon, attorney's fees and costs

10  pursuant to *Labor Code* sections 203, 218.5, 218.6 and 1194.

11      101.    The damages caused by Defendants are well in excess of the minimum subject

12  matter jurisdictional amount of this Court and will be demonstrated according to proof.

13      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

14

15                          **XIV.    EIGHTH CAUSE OF ACTION**
        (Failure to Provide Accurate Itemized Wage Statements (Labor Code, § 226(e)))
16                              (Against All Defendants)

17      102.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

18  through 101 of this Complaint as though fully set forth herein.

19      103.    At all times herein mentioned, *Labor Code* section 226 was in full force and

20  effect and was binding on Defendants. This statute requires an employer to provide an employee

21  an accurate itemized statement in writing showing, among other things, total hours worked by the

22  employee, all gross wages earned, and the correct applicable hourly rates.

23      104.    At all times relevant, Plaintiff was an employee of Defendants.

24      105.    Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with

25  accurate itemized statements accurately showing all hours worked, as well as all applicable

26  hourly rates in effect during the pay period and the corresponding number of hours worked at

27  each hourly rate by the employee, in violation of *Labor Code* section 226(e).

28      106.    Plaintiff was damaged and injured as a result of Defendants' violation of *Labor*

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-19-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    *Code* section 226.

2    107.    Pursuant to *Labor Code* section 226(e), Plaintiff is entitled to recover the greater

3    of all actual damages of fifty dollars ($50) for the initial pay period in which the violation occurs

4    and one hundred dollars ($100) per employee for each violation in subsequent pay periods not

5    exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of

6    costs and reasonable attorney's fees.

7    WHEREFORE, Plaintiff demands judgment as hereafter set forth.

8

9    ### XV.    NINTH CAUSE OF ACTION
(Failure to Maintain Payroll Records (Labor Code, § 1174))
<u>(Against All Defendants)</u>

10

11    108.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

12    through 107 of this Complaint as though fully set forth herein.

13    109.    At all times herein mentioned, *Labor Code* section 1174 was in full force and

14    effect and was binding on Defendants.

15    110.    Pursuant to *Labor Code* section 1174(d), Defendants are required to "keep, at a

16    central location in the state or at the plants or establishments at which employees are employed,

17    payroll records showing the hours worked daily by and the wages paid to… employees employed

18    at the respective plants or establishments. These records shall be kept… on file for not less than

19    three years."

20    111.    At all times relevant, Plaintiff was an employee of Defendants.

21    112.    Throughout Plaintiff's employment, Defendants did not keep Plaintiff's payroll

22    records, in violation of *Labor Code* section 1174.

23    113.    As a result of Defendants' failure to maintain Plaintiff's payroll records, Plaintiff

24    has been harmed.

25    114.    Plaintiff is informed and believes, and thereupon alleges, that Defendants have

26    either willfully destroyed, or willfully failed to keep such records in accordance to *Labor Code*

27    section 1174(d) in order to hide their *Labor Code* violations in the payment of wages, and

28    therefore are subject to a civil penalty of five hundred dollars ($500) pursuant to *Labor Code*

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE  BLVD., SUITE 209
DOWNEY, CA 90241

-20-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    section 1174.5.

2        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

3

4                    **XVI.   TENTH CAUSE OF ACTION**
                (Failure to Produce Employee File (Labor Code, § 1198.5))
5                   (Against Amazon.com and DOES 1 through 10)

6        115.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

7    through 114 of this Complaint as if fully set forth herein.

8        116.    Pursuant to *Labor Code* section 1198.5, upon a written request from a current or

9    former employee, or his or her representative, the employer shall provide a copy of the personnel

10   records relating to an employee's performance, or to any grievance concerning the employee, not

11   later than thirty (30) calendar days from the date the employer receives the request, unless the

12   current or former employee, or his or her representative, and the employer agree in writing to a

13   date beyond thirty (30) calendar days to produce a copy of the records, as long as the agreed-upon

14   date does not exceed thirty five (35) calendar days from the employer's receipt of the written

15   request.

16       117.    On June 3, 2020, Plaintiff requested a copy of his employee file and payroll

17   records from Defendants. Defendants failed to comply with Plaintiff's request and never provided

18   Plaintiff with his employee file and payroll records.

19       118.    Plaintiff is informed and believes, and thereupon alleges, that Defendants have

20   not allowed Plaintiff to inspect his personnel records in accordance to *Labor Code* section 1198.5

21   in order to hide their *Labor Code* violations in the payment of wages, and therefore are subject to

22   a civil penalty of seven hundred and fifty dollars ($750) pursuant to *Labor Code* section

23   1198.5(k).

24       WHEREFORE, Plaintiff demands judgment as hereafter set forth.

25   ///

26   ///

27   ///

28   ///

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-21-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1

**XVII.   ELEVENTH CAUSE OF ACTION**
(Disability Discrimination (In Violation of FEHA))
(Against Amazon.com, Amazon, and DOES 1 through 20)

2

3       119.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

4    through 118 of this Complaint as if fully set forth herein.

5       120.    At all times mentioned herein, Defendants employed five or more persons, and

6    *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants.

7    These sections require Defendants to refrain from discriminating against any employee due to an

8    employee's possession of a physical disability pursuant to section 12940(a). Further, these

9    sections require Defendants to refrain from discriminating against any employee for complaining

10   about discrimination pursuant to sections 12940(h) and 12940(j)(1).

11      121.    Plaintiff is a member of a protected class within the meaning of *Government*

12   *Code* sections 12900 et seq.

13      122.    At all times relevant, Plaintiff was an employee of Defendants.

14      123.    Defendants were aware that Plaintiff had a disability or perceived Plaintiff as

15   disabled as defined by *Government Code* section 12926(m) in the form of an injury that limited

16   Plaintiff's major life activity.

17      124.    Plaintiff was able to perform the essential job duties of his position at all times

18   mentioned herein with reasonable accommodation for his pain. Plaintiff sustained several injuries

19   to his neck, back (back muscles, spine and spinal cord) and his shoulders during the accident.

20      125.    Plaintiff believes and based thereon alleges, that his possession of a disability, as

21   well as his exercising of his rights under FEHA, were factors in Defendants' actions against

22   Plaintiff, which included Plaintiff's termination. Such discrimination is in violation of

23   *Government Code* sections 12940 *et seq.*, and has resulted in damage and injury to Plaintiff, as

24   alleged herein.

25      126.    Within the time provided by law, Plaintiff filed a complaint with the California

26   Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and

27   has received and served upon Defendants a Right to Sue letter.

28      127.    As a proximate cause of Defendants' willful, knowing, and intentional

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-22-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  discrimination against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses

2  in earnings and other employee benefits.

3      128.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

4  suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain

5  and anguish, all to his damage in a sum according to proof.

6      129.    Defendants' discriminatory treatment against Plaintiff based upon his disability

7  was done intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was

8  despicable in that it was carried on by Defendants with a willful and conscious disregard of the

9  rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

10     130.    Defendants' discriminatory treatment against Plaintiff based upon his disability

11 was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to

12 discriminatory and harassing conduct, as herein alleged, in conscious disregard of Plaintiff's

13 rights, thereby constituting oppression as defined by *Civil Code* section 3294.

14     131.    Defendants have acted in a malicious and oppressive manner by discriminating

15 against Plaintiff based upon his possession of a disability, entitling Plaintiff to punitive damages.

16     132.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

17 Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

18 attorney's fees and costs (including expert costs) in an amount according to proof.

19     133.    The damages caused by Defendants are well in excess of the minimum subject

20 matter jurisdictional amount of this Court and will be demonstrated according to proof.

21     WHEREFORE, Plaintiff demands judgment as hereafter set forth.

22

23  ### XVIII.  TWELFTH CAUSE OF ACTION
    (Retaliation (Gov. Code, § 12940(h)))
24  (Against Amazon.com, Amazon, and DOES 1 through 20)

25     134.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

26 through 133 of this Complaint as if fully set forth herein.

27     135.    At all times mentioned herein, Defendants employed five or more persons, and

28 *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE  BLVD., SUITE 209
DOWNEY, CA 90241

-23-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

These sections require Defendants to refrain from retaliating against any employee due to complaints the employee has made, pursuant to 12940(h).

136.     At all times relevant, Plaintiff was an employee of Defendants.

137.     Plaintiff suffered an injury while performing his job duties. Plaintiff was retaliated against for needing and requesting reasonable accommodation for his disability, such as reasonable time off, and Defendant's assistance in covering his medical expenses, in direct violation of *Government Code* section 12940(h).

138.     As a result of Defendants' decision to discharge Plaintiff, Plaintiff has been harmed.

139.     As a proximate cause of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

140.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

141.     Defendants' retaliation against Plaintiff was done intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

142.     Defendants' retaliation against Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to wrongful employment termination, among other things, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

143.     Defendants have acted in a malicious and oppressive manner by retaliating against Plaintiff, entitling Plaintiff to punitive damages.

144.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

The Law Offices of Gavril T. Gabriel
8255 Firestone Blvd., Suite 209
Downey, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

145.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### XIX.     THIRTEENTH CAUSE OF ACTION
(Retaliation for Engaging in Protected Activity (Labor Code, § 1102.5))
(Against Amazon.com, Amazon, and DOES 1 through 20)

146.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 145 of this Complaint as if fully set forth herein.

147.     At all times mentioned herein, Defendants employed five or more persons, and *Labor Code* section 1102.5 was in full force and effect and binding on Defendants. This section requires Defendants to refrain from retaliating against any employee as a result of the employee's opposition to practices forbidden by state or federal statute, or practices that violate or do not comply with a local, state, or federal rule or regulation pursuant to *Labor Code* section 1102.5(c).

148.     At all times relevant, Plaintiff was an employee of Defendants.

149.     On the basis above, Plaintiff believes and alleges that Defendants retaliated against him for his complaints of discrimination and retaliation.

150.     Plaintiff complained to Defendants of their failure to accommodate his disability. Thereafter, Defendants retaliated against Plaintiff by terminating him, in major part because he complained about having to perform his job duties despite his injuries. Such retaliation is a violation of *Labor Code* section 1102.5.

151.     Plaintiff's good-faith complaints to Defendants about FEHA violations under *Government Code* section 12900 *et seq.*, were motivating factors in Defendants' decision to terminate Plaintiff.

152.     As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

153.     As a proximate result of Defendants' willful, knowing, and intentional unlawful actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    distress, physical pain and mental pain and anguish, all to his damage in a sum according to

2    proof.

3        154.    Defendants' retaliation against Plaintiff was done intentionally, so as to cause

4    injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by

5    Defendants with a willful and conscious disregard of the rights or safety of others, thereby

6    constituting malice as defined by *Civil Code* section 3294.

7        155.    Defendants' retaliation against Plaintiff was despicable, and subjected Plaintiff to

8    cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby

9    constituting oppression as defined by *Civil Code* section 3294.

10       156.    Defendants have acted in a malicious, oppressive and fraudulent manner in their

11   retaliation against Plaintiff for engaging in protected activity, entitling Plaintiff to punitive

12   damages.

13       157.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

14   Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

15   attorney's fees and costs (including expert costs) in an amount according to proof.

16       158.    The damages caused by Defendants are well in excess of the minimum subject

17   matter jurisdictional amount of this Court and will be demonstrated according to proof.

18       WHEREFORE, Plaintiff demands judgment as hereafter set forth.

19

20                   **XX.    FOURTEENTH CAUSE OF ACTION**
                  (Failure to Prevent Discrimination and Retaliation (Gov. Code, § 12940(k)))
21                   <u>(Against Amazon.com, Amazon, and DOES 1 through 20)</u>

22       159.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

23   through 158 of this Complaint as if fully set forth herein.

24       160.    At all times mentioned herein, Defendants employed five or more persons, and

25   *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants.

26   These sections require Defendants to take all reasonable steps necessary to prevent

27   discrimination, harassment and retaliation from occurring pursuant to *Government Code* section

28   12940(k). Prior to filing this Complaint, Plaintiff filed a timely administrative charge with the

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-26-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    DFEH and received a Right to Sue letter.

2         161.    At all times relevant, Plaintiff was an employee of Defendants.

3         162.    Throughout Plaintiff's employment with Defendants, Defendants failed to prevent

4    its employees from engaging in intentional actions that resulted in Plaintiff's being treated less

5    favorably because of Plaintiff's protected status (*i.e.,* his disability). During the course of

6    Plaintiff's employment, Defendants failed to prevent their employees from engaging in

7    unjustified employment practices against employees in such a protected class. Plaintiff has been

8    subjected to discrimination and retaliation, as herein described at the hands of Defendants and

9    Defendants' agents.

10        163.    Defendants failed to take all reasonable steps to prevent the discrimination and

11   retaliation faced by Plaintiff. As a result, Plaintiff was harmed.

12        164.    Defendants' failure to take all reasonable steps to prevent the discrimination and

13   retaliation was a substantial factor in causing Plaintiff's harm.

14        165.    Plaintiff believes, and on that basis alleges, that his disability, and/or other

15   protected status and/or other protected activity were substantial motivating factors in Defendants'

16   discrimination and retaliation of Plaintiff.

17        166.    As a proximate cause of Defendants' willful, knowing, and intentional failure to

18   prevent discrimination and retaliation against Plaintiff, Plaintiff has sustained, and continues to

19   sustain, substantial losses in earnings and other employee benefits.

20        167.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

21   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain

22   and anguish, all to his damage in a sum according to proof.

23        168.    Defendants' failure to prevent discrimination and retaliation was done

24   intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in

25   that it was carried on by Defendants with a willful and conscious disregard of the rights or safety

26   of others, thereby constituting malice as defined by *Civil Code* section 3294.

27        169.    Defendants' failure to prevent discrimination and retaliation against Plaintiff was

28   despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to said

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-27-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

harassing, discriminatory and retaliatory conduct, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

170.　Defendants have acted in a malicious and oppressive manner by failing to prevent discrimination and retaliation against Plaintiff, entitling Plaintiff to punitive damages.

171.　Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

172.　The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XXI.　FIFTEENTH CAUSE OF ACTION
(Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m)))
<u>(Against Amazon.com, Amazon, and DOES 1 through 20)</u>

173.　Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 172 of this Complaint as if fully set forth herein.

174.　At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq*., were in full force and effect and binding on Defendants. These sections provide that it is an unlawful employment practice for Defendants to fail to provide a reasonable accommodation for the known physical or mental disability of an employee pursuant to section 12940(m)(1).

175.　At all times relevant, Plaintiff was an employee of Defendants.

176.　Plaintiff had a physical disability as defined by *Government Code* section 12926(m), and as such, Plaintiff is a member of a protected class within the meaning of *Government Code* sections 12900 *et seq*. At all times material hereto, Plaintiff satisfactorily performed his duties and responsibilities as required by Defendants.

177.　While Plaintiff was employed with Defendants, Defendants were aware that Plaintiff suffered from an actual or perceived disability. Plaintiff informed Defendants that he needed reasonable accommodation and complained for not receiving it. Plaintiff had provided

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1   Defendants with his work restrictions.

2   178.   Although Defendants knew of Plaintiff's physical disability, Defendants refused to

3   accommodate Plaintiff's disability upon Plaintiff's request, and instead terminated Plaintiff because

4   of his actual or perceived disability, in direct contravention of the FEHA, and specifically in

5   violation of California *Government Code* section 12940.

6   179.   Plaintiff alleges that he was able to perform the essential job duties with reasonable

7   accommodation for his disability.

8   180.   Defendants failed to provide reasonable accommodation for Plaintiff's disability.

9   Defendants' failure to provide a reasonable accommodation was a substantial factor in causing

10   Plaintiff's harm.

11   181.   As a proximate cause of Defendants' willful, knowing, and intentional failure to

12   provide reasonable accommodation, Plaintiff has sustained, and continues to sustain, substantial

13   losses in earnings and other employee benefits.

14   182.   As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

15   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain

16   and anguish, all to his damage in a sum according to proof.

17   183.   Defendants' failure to provide Plaintiff reasonable accommodation was done

18   intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in

19   that it was carried on by Defendants with a willful and conscious disregard of the rights or safety

20   of others, thereby constituting malice as defined by *Civil Code* section 3294.

21   184.   Defendants' failure to provide Plaintiff reasonable accommodation was

22   despicable, and subjected Plaintiff to cruel and unjust hardship by ignoring Plaintiff's work

23   restrictions and risking further harm to Plaintiff, in conscious disregard of Plaintiff's rights,

24   thereby constituting oppression as defined by *Civil Code* section 3294.

25   185.   Defendants have acted in a malicious and oppressive manner due to their failure

26   to provide Plaintiff reasonable accommodation, entitling Plaintiff to punitive damages.

27   186.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

28   Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE  BLVD., SUITE 209
DOWNEY, CA 90241

-29-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   attorney's fees and costs (including expert costs) in an amount according to proof.

2       187.    The damages caused by Defendants are well in excess of the minimum subject

3   matter jurisdictional amount of this Court and will be demonstrated according to proof.

4       WHEREFORE, Plaintiff demands judgment as hereafter set forth.

5

## XXII.   SIXTEENTH CAUSE OF ACTION
6   (Failure to Engage in Good Faith Interactive Process (Gov. Code, § 12940(n)))
     (Against Amazon.com, Amazon, and DOES 1 through 20)
7

8       188.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

9   through 187 of this Complaint as if fully set forth herein.

10      189.    At all times mentioned herein, Defendants employed five or more persons, and

11  *Government Code* sections 12900 *et seq*., were in full force and effect and binding on Defendants.

12  These sections provide that it is an unlawful employment practice for Defendants to fail to engage

13  in a timely, good faith interactive process with an employee to determine effective reasonable

14  accommodations in response to a request by an employee with a physical disability pursuant to

15  section 12940(n).

16      190.    At all times relevant, Plaintiff was an employee of Defendants.

17      191.    Plaintiff had a physical disability as defined by California *Government Code*

18  section 12926(m), and as such, Plaintiff is a member of a protected class within the meaning of

19  *Government Code* sections 12900 *et seq*. At all times material hereto, Plaintiff satisfactorily

20  performed his duties and responsibilities as required by Defendants.

21      192.    Defendants were aware that Plaintiff was disabled and required accommodations.

22  In fact, Plaintiff requested reasonable accommodations so that he would be able to perform his

23  essential job requirements.

24      193.    Plaintiff was willing to participate in an interactive process to determine whether

25  reasonable accommodation could be made so that he would be able to perform his essential job

26  requirements.

27      194.    Plaintiff is informed, believes, and therein alleges that at no time did Defendants

28  engage in any sort of interactive process, as required by California *Government Code* section

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-30-

1   12940(n), to accommodate Plaintiff's known disability, and instead terminated his employment

2   upon requesting reasonable accommodations.

3      195. As a result of Defendants' failure to engage in a good faith interactive process,

4   Plaintiff was harmed.

5      196. As a proximate cause of Defendants' willful, knowing, and intentional failure to

6   engage in a good faith interactive process, Plaintiff has sustained, and continues to sustain,

7   substantial losses in earnings and other employee benefits.

8      197. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

9   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain

10   and anguish, all to his damage in a sum according to proof.

11      198. Defendants' failure to engage in a good faith interactive process was done

12   intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in

13   that it was carried on by Defendants with a willful and conscious disregard of the rights or safety

14   of others, thereby constituting malice as defined by *Civil Code* section 3294.

15      199. Defendants' failure to engage in a good faith interactive process was despicable,

16   and subjected Plaintiff to cruel and unjust hardship by ignoring Plaintiff's work restrictions and

17   risking further harm to Plaintiff, as herein alleged, in conscious disregard of Plaintiff's rights,

18   thereby constituting oppression as defined by *Civil Code* section 3294.

19      200. Defendants have acted in a malicious and oppressive manner by failing to engage

20   in a good faith interactive process to determine reasonable accommodation for Plaintiff, entitling

21   Plaintiff to punitive damages.

22      201. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

23   Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

24   attorney's fees and costs (including expert costs) in an amount according to proof.

25      202. The damages caused by Defendants are well in excess of the minimum subject

26   matter jurisdictional amount of this Court and will be demonstrated according to proof.

27      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

28   ///

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-31-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1

2

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

### XXIII.  SEVENTEENTH CAUSE OF ACTION
(Unfair and Unlawful Business Practices (Bus. & Prof. Code, §§ 17200 *et seq.*))
<u>(Against Amazon.com, Amazon, and DOES 1 through 20)</u>

203.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 202 of this Complaint as if fully set forth herein.

204.    Plaintiff, on behalf of himself, brings these claims pursuant to *Business & Professions Code* sections 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California *Code of Civil Procedure* section 1021.5.

205.    Plaintiff is a "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" within the meaning of *Business & Professions Code* section 17204, in that he has been deprived of wages, and therefore has standing to bring this cause for injunctive relief, restitution, and other appropriate equitable relief.

206.    *Business & Professions Code* sections 17200 *et seq*., prohibit unlawful and unfair business practices.

207.    Wage and hour laws express fundamental public policies. Providing employees with wages is also a fundamental public policy of this state and of the United States. California *Labor Code* section 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law abiding employers and their employees from competitors who lower their cost by failing to comply with minimum labor standards, including failing to properly compensate employees.

208.    Defendants, beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, have committed acts of unfair competition as defined by the Unfair Business Practice Act, and have violated statutes of public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the *Labor Code*, and have engaged in other unlawful

-32-
**FIRST AMENDED COMPLAINT FOR DAMAGES**

and unfair business practices in violation of *Business & Professions Code* sections 17200 *et seq.*, depriving Plaintiff and all interested persons, of the benefits and privileges guaranteed to all employees under law.

209.    The conduct of said Defendants as alleged herein, constitutes unfair competition in violation of section 17200 of the *Business & Professions Code*, in that Defendants have violated *Labor Code* sections 201-203, 226, and 1194.

210.    Defendants, by engaging in the conduct herein alleged, including but not limited to, non-payment of all wages owed, failure to provide reasonable accommodation, and wrongful employment termination, either knew, or in the exercise of reasonable care, should have known that such conduct was unlawful and a violation of section 17200 of the *Business & Professions Code*.

211.    Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code* sections 17200 *et seq.*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary, to prevent unlawful employment practices by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but not limited to, restitution which may be necessary to restore Plaintiff and other similarly situated employees, the wages Defendants have unlawfully failed to pay.

212.    Plaintiff's success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of the general public as well as himself and others similarly situated. Plaintiff is entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing to him.

213.    Plaintiff herein takes upon himself enforcement of the laws and lawful claims. There is a financial burden involved in pursuing this action, as said action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorney's fees from the recovery in this action. An award of attorney's fees is appropriate pursuant to *Code of Civil Procedure* section 1021.5 and otherwise.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## XXIV.  EIGHTEENTH CAUSE OF ACTION
(Wrongful Termination (In Violation of Public Policy))
(Against Amazon.com, Amazon, and DOES 1 through 20)

214.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 213 of this Complaint as if fully set forth herein.

215.    At all times relevant, Plaintiff was an employee of Defendants.

216.    At all times herein mentioned in this Complaint, California *Government Code* section 12940 *et seq.*, and California Constitution Article 1, Section 8, were in full force and effect and were binding on the Defendants and the Defendants were subject to their terms, and therefore Defendants were required to refrain from violations of public policy, including discrimination on the account of Plaintiff's actual or perceived disability.

217.    On or around November 3, 2019, Plaintiff was terminated by Defendants.

218.    Plaintiff's disability, good faith complaints and exercising of his rights under FEHA were substantial motivating reasons for Plaintiff's termination by Defendants. As a result of Defendants' unlawful conduct, Plaintiff has been harmed.

219.    As a proximate cause of Defendants' willful, knowing, and intentional wrongful termination of Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

220.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

221.    Defendants' wrongful termination of Plaintiff's employment was done intentionally, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

222.    Defendants' wrongful termination of Plaintiff's employment was despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

223.    Defendants have acted in a malicious, oppressive and fraudulent manner in their

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE  BLVD., SUITE 209
DOWNEY, CA 90241

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1    wrongful termination of Plaintiff, entitling Plaintiff to punitive damages.

2         224.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

3    Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

4    attorney's fees and costs (including expert costs) in an amount according to proof.

5         225.    The damages caused by Defendants are well in excess of the minimum subject

6    matter jurisdictional amount of this Court and will be demonstrated according to proof.

7         WHEREFORE, Plaintiff demands judgment as hereafter set forth.

8                                    **PRAYER**

9    **WHEREFORE, Plaintiff prays for judgment for the following:**

10   ***ON ALL CAUSES OF ACTION***

11        1.    For a money judgment representing compensatory damages including lost wages,

12   future loss wages, earnings, other employee benefits, civil penalties and all other sums of money,

13   together with interest on these amounts, according to proof at trial, but no less than $200,000.00;

14        2.    General damages, according to proof and in an amount in excess of the

15   jurisdictional minimum of this Court, but no less than $500,000.00;

16        3.    For a money judgment for mental pain and anguish and emotional distress,

17   according to proof at trial;

18        4.    All other special and incidental damages according to proof;

19        5.    For an award of punitive damages, according to proof at trial;

20        6.    For costs of suit incurred herein;

21        7.    For attorney's fees as provided by statute, including *Labor Code* sections 1194,

22   218.5 and California *Government Code* section 12965(b); and

23        8.    For such other and further relief that the Court may deem just and proper.

24   DATED: February_____5_____, 2021          THE LAW OFFICES OF GAVRIL T. GABRIEL

25

26                                              By: _____

27

28                                              Gavril T. Gabriel, Esq.
                                                Attorney for PLAINTIFF, ANDREW GARCIA

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-35-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that PLAINTIFF, ANDREW GARCIA, hereby demands trial by jury in the above-entitled matter.

DATED: February____5____, 20201

THE LAW OFFICES OF GAVRIL T. GABRIEL

By: _____

Gavril T. Gabriel, Esq.
Attorney for PLAINTIFF, ANDREW GARCIA

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-36-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT A

EXHIBIT "A" ATTACHED TO COMPLAINT



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

February 3, 2021

Gavril Gabriel
8255 Firestone Blvd., Suite 209
Downey, California 90241

RE:    **Notice to Complainant's Attorney**
        DFEH Matter Number: 202009-11284217
        Right to Sue: Garcia / Amazon.com Services LLC et al.

Dear Gavril Gabriel:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5
Andrew Garcia                                             DFEH No. 202009-11284217

6
                                   Complainant,

7
vs.

8
Amazon.com Services LLC
410 TERRY AVE N

9
Seattle, Washington 98109

10
AMAZON LOGISTICS, INC.
410 TERRY AVE N

11
SEATTLE, Washington 98109

12
                                   Respondents

13
_____

14
1. Respondent **Amazon.com Services LLC**  is an **employer Amazon.com Services LLC**
subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, §

15
12900 et seq.).

16
2. Complainant is naming **AMAZON LOGISTICS, INC.** as individual Co-Respondent(s).

17
3. Complainant **Andrew Garcia**, resides in the City of **Whittier,** State of **California.**

18
4. Complainant alleges that on or about **November 3, 2019**, respondent took the
following adverse actions:

19

20
**Complainant was harassed** because of complainant's race, ancestry, national origin
(includes language restrictions), family care or medical leave (cfra) (employers of 50 or more

21
people), disability (physical or mental), other.

22
**Complainant was discriminated against** because of complainant's race, ancestry,
national origin (includes language restrictions), color, family care or medical leave (cfra)

23
(employers of 50 or more people), disability (physical or mental), other and as a result of the
discrimination was terminated, reprimanded, denied equal pay, suspended, denied any

24
employment benefit or privilege, denied reasonable accommodation for a disability, denied
family care or medical leave (cfra) (employers of 50 or more people), other, denied work

25
opportunities or assignments.

26

27
                                   -1-

28
Date Filed: September 24, 2020
Date Amended: February 3, 2021

1  **Complainant experienced retaliation** because complainant reported or resisted any form
   of discrimination or harassment, requested or used a disability-related accommodation,
2  participated as a witness in a discrimination or harassment complaint, requested or used
   leave under the california family rights act or fmla (employers of 50 or more people) and as a
3  result was terminated, denied hire or promotion, reprimanded, denied equal pay,
   suspended, demoted, asked impermissible non-job-related questions, denied any
4  employment benefit or privilege, denied reasonable accommodation for a disability, denied
   family care or medical leave (cfra) (employers of 50 or more people), other, denied work
5  opportunities or assignments.

6

7  **Additional Complaint Details:** Amazon.com Services, Inc. and Amazon Logistics Inc.
   (hereafter "Defendant" or "Amazon") hired Andrew Garcia (hereafter referred to as "Plaintiff"
8  or "Mr. Garcia") as a delivery driver on or around September 3rd 2019. Plaintiff's job duties
   included picking up packages from warehouses and delivering them to customers. Plaintiff's
9  payment was based on the workload he performed. During the entire time Plaintiff worked
   for Amazon, he was misclassified as an independent contractor.
10

11 Throughout his employment with Defendant, Plaintiff performed his duties efficiently,
   diligently, punctually and to the best of his abilities. Plaintiff never got below 100% in his
   weekly performance reports. Plaintiff completed 100% of his assigned workload every week.
12 On average, Plaintiff worked 5-6 hours per day.

13 Plaintiff also worked overtime for about 10 days and for which he was not paid. Defendant
   justified the non-overtime payment by invoking Plaintiff's employment status. Similarly,
14 Plaintiff, as well as other employees, did not receive any benefits, like sick pay. Plaintiff was
   also denied his rest and meal breaks.
15

16 On October 24, 2019, Plaintiff had a car accident where his car was totally damaged.
   Defendant denied Plaintiff any insurance coverage for the car loss, on the grounds that Mr.
17 Garcia was working as an independent contractor. Plaintiff had to pay for the loss of his car
   and junk it for $500. Plaintiff had to get a new car, for which he paid $2,000. In addition,
18 Plaintiff had to pay for gas, tires and oil changes, and for having a tow truck take his car to
   the yard. In the time period between the day of accident and the day of termination, Plaintiff
19 was making attempts to have his car fixed. At the same time, Plaintiff complained daily to
   Defendant for the fact that it was not covering the damages to the car. Despite his constant
20 efforts, Plaintiff did not receive even a partial reimbursement for all these expenses from the
   company.
21

22 Plaintiff sustained several injuries to his neck, back (back muscles, spine and spinal cord)
   and his shoulders during the accident. Plaintiff needed medical treatment which Defendant
23 explicitly refused to cover. Plaintiff could not afford the medical expenses and, as a result,
   he was unable to see a doctor.
24

25 Almost immediately after the accident Plaintiff was told by Defendant that he had packages
   in his car that still needed to be delivered. Defendant instructed Plaintiff to deliver those
26 despite the accident. After the accident Plaintiff paid a tow truck to get the car back to the

27                                           -2-
                            *Complaint – DFEH No. 202009-11284217*

28
   Date Filed: September 24, 2020
   Date Amended: February 3, 2021

1 | warehouse where he left the packages and told someone else to deliver the remaining packages. From October 24 2019, the day of the accident, to November 3rd 2019, the date
2 | of his termination, Plaintiff was absent from work.

3 | On November 3, 2019, Plaintiff received a termination notice from Defendant. Plaintiff received an email stating that a customer never received his package. Plaintiff refused that
4 | assertion claiming that he had always performed his job duties and had weekly reports to prove it. Defendant gave insufficient explanation for Plaintiff's termination. Defendant did not
5 | even specify the date on which the customer supposedly did not receive their package.

6 | Plaintiff asserts that his termination was due to retaliation for his previous complaints to the
7 | company about its refusal to cover his car loss expenses and due to his physical injuries, that would not allow him to perform well.

8 | On December 17, 2019, Plaintiff filed an action with a small claims court against Amazon
9 | alleging property damages. The hearing was conducted on February 18, 2020. On March 17, 2020, Plaintiff received a favorable final judgement in the amount of $1,200.00. Even
10 | though Plaintiff was formally employed as an independent contractor, the Court considered the surrounding circumstances of his employment and concluded that Plaintiff must be
11 | treated as an employee of Amazon for purposes of the Labor Code.

12 | Because of Defendant's wrongful conduct, Plaintiff has been suffering from sadness, depression, anger, stress, anxiety and frustration. After the accident, Plaintiff did not have a
13 | car for a week approximately, since Amazon refused to cover his car loss. This rendered the performance of Plaintiff's job duties even harder.
14 |

15 | Plaintiff has suffered both economic and non-economic damages on a continuous and ongoing basis, including, costs, attorney's fees and interest as a result of Amazon's wrongful
16 | conduct.

17

18

19

20

21

22

23

24

25

26

27

28

-3-
*Complaint – DFEH No. 202009-11284217*

Date Filed: September 24, 2020
Date Amended: February 3, 2021

1    VERIFICATION

2    I, **Gavril T. Gabriel**, am the **Attorney** in the above-entitled complaint.  I have read the
3    foregoing complaint and know the contents thereof.  The matters alleged are based
     on information and belief, which I believe to be true.

4
     On February 3, 2021, I declare under penalty of perjury under the laws of the State of
5    California that the foregoing is true and correct.

6                                                                            **Downey, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                    -4-
27                          *Complaint – DFEH No. 202009-11284217*

28   Date Filed: September 24, 2020
     Date Amended: February 3, 2021