MICHAEL HOLECEK, SBN 281034
　mholecek@gibsondunn.com
LAUREN M. BLAS, SBN 296823
　lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

MEGAN COONEY, SBN 295174
　mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants AMAZON.COM SERVICES LLC, and AMAZON LOGISTICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW GARCIA, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC DBA AMAZON FLEX, a Limited Liability Company; AMAZON LOGISTICS, INC., a Corporation; MICHAEL D. DEAL, an individual; UDIT MADAN, an individual; MICHAEL MILLER, an individual; JOHN FELTON, an individual and DOES 1 through 60, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:21-CV-00604-SB-MRW<br><br>**DEFENDANTS AMAZON.COM SERVICES LLC'S AND AMAZON LOGISTICS, INC.'S RESPONSES TO PLAINTIFF'S OBJECTIONS TO ALEXA HAWRYSZ'S DECLARATION**<br><br>**Hearing:**<br>Date:　　April 2, 2021<br>Time:　　8:30 a.m.<br>Place:　　350 West First Street<br>　　　　　Los Angeles, CA 90012<br>　　　　　Courtroom 6C<br>Judge:　　Hon. Stanley Blumenfeld, Jr. |

Defendants Amazon.com Services LLC and Amazon Logistics, Inc. ("Amazon"), respectfully submit the following responses to Plaintiff Andrew Garcia's Evidentiary Objections to Alexa Hawrysz's Declaration filed in support of Amazon's Motion to Dismiss or Stay. *See* Dkts. 17, 17-1.

## OBJECTION NO. 1

**Material Objected to by Plaintiff:** "When Andrew Garcia created an account through the Amazon Flex app, he self-selected Los Angeles." Hawrysz Decl. ¶ 6.

**Plaintiff's Grounds for Objection:** Lack of Personal Knowledge (Fed. R. Evid. 602, Cal. Evid. Code § 702(a)); Hearsay (Fed. R. Evid. 801–803, 901, Cal. Evid. Code § 1200); Multiple Hearsay (Fed. R. Evid. 805, Cal. Evid. Code § 1201).

**Defendants' Response to Objection:** Ms. Hawrysz, the Head of Amazon Flex NA, testified that she is personally familiar with the Amazon Flex Program sign-up process, which she described in detail based on her "personal knowledge" and "access to" the Amazon Flex Program's "information." Hawrysz Decl. ¶ 1. Ms. Hawrysz testified that Plaintiff self-selected Los Angeles, *id.* ¶ 6, based on the "information" available to her through the ordinary course of "overseeing the Amazon Flex Program, including operations in California," *id.* ¶ 1. That testimony is admissible as it is based on her personal knowledge and on Amazon Flex business records to which she has access. *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989–90 (N.D. Cal. 2017) (crediting declaration based on "personal knowledge as an Uber engineer manager responsible for overseeing the rider sign-up and registration process, and on records kept by Uber in the ordinary course of business that he has access to and is familiar with"); *Derderian v. Sw. & Pac. Specialty Fin., Inc.*, 673 F. App'x 736, 738 (9th Cir. 2016) (finding declaration admissible where it was "based on information [an employee] learned by personally reviewing her employer's business records"). For the avoidance of doubt, Ms. Hawrysz confirmed that the information in her declaration concerning Garcia was based on records kept by Amazon in the ordinary course of business that she has access to and is familiar with. *See* Suppl. Hawrysz Decl. ¶¶ 1–3.

# OBJECTION NO. 2

**Material Objected to by Plaintiff:** "Garcia accepted the TOS and activated his Amazon Flex account on September 11, 2019. He did not opt-out of the arbitration provision of the TOS." Hawrysz Decl. ¶ 13.

**Plaintiff's Grounds for Objection:** Lack of Personal Knowledge (Fed. R. Evid. 602, Cal. Evid. Code § 702(a)); Hearsay (Fed. R. Evid. 801–803, 901, Cal. Evid. Code § 1200).

**Defendants' Response to Objection:** Again, Ms. Hawrysz, the Head of Amazon Flex NA, testified that she is personally familiar with the "Terms of Service that prospective delivery partners ***must*** review and accept before they can begin making local deliveries." Hawrysz Decl. ¶ 2 (emphasis added). She then described the sign-up process in detail based on her "personal knowledge" and "access to" the Amazon Flex Program's "information," *Id*. ¶ 1. Ms. Hawrysz accessed Amazon's files related to Garcia and confirmed that he "activated his Amazon Flex account on September 11, 2019," *id.* ¶ 13, through the same email address, adjgarcia@yahoo.com, he used to authenticate his declaration in this case, *see* Dkt. 20-2, necessarily accepting the TOS in the process, *id.* ¶ 7. Such evidence is frequently used to establish that an individual manifested assent to an internet service's terms. *See*, *e.g.*, *Jialu Wu v. iTalk Glob. Commc'ns, Inc.*, 2020 WL 8461696, at *3 (C.D. Cal. Oct. 21, 2020) (crediting evidence that the plaintiff "could not have purchased the relevant services unless he clicked the box that said he agreed to the Agreement"); *Cordas*, 228 F. Supp. 3d at 989 (rejecting the same "litany of conclusory evidentiary objections" lodged here). In *Cordas*, the court determined that it was "proper to conclude, as a matter of law," that the plaintiff assented to the terms and conditions "in signing up," based on an employee declaration stating that "no account could be created unless the user navigated through the screen containing" the notice: "'By creating an Uber account, you agree to the Terms & Conditions and Privacy Policy.'" 228 F. Supp. 3d at 988–90.

## **CONCLUSION**

Accordingly, the Court should overrule Plaintiff's objections in their entirety.

Dated:  March 19, 2021

GIBSON, DUNN & CRUTCHER LLP


By: */s/Michael Holecek*
     Michael Holecek

Attorneys for Defendants AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC.